IxLeBLANC, Judge.
We granted certiorari in this matter to determine whether a bidder protesting the award of a state contract to a competitor is entitled to a trial de novo upon appeal to the district court under La.R.S. 39:1691, a provision of the Louisiana Procurement Code. Subsequently, this Court rendered an en banc decision in Pacificorp Capital, Inc. v. State of Louisiana, 92-1729 (La.App. 1st Cir. 8/11/94), pp. 4-5; 647 So.2d 1122, 1124-1125, writ denied, 94-2315 (La. 11/18/94); 646 So.2d 387, holding that the applicable standard of review in appeals to the district court of such agency decisions is that provided by the Administrative Procedure Act (La.R.S. 49:964 G).[1] This standard of review was delineated as follows:
[TJhe court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by error of law; (5) arbitrary, capricious, or an abuse of discretion; or (6) manifestly erroneous.
The manifest error test of La.R.S. 49:964G(6) is used in reviewing the facts as found by the administrative tribunal; the arbitrary and capricious test of La.R.S. 49:964G(5) is used in reviewing the administrative tribunal’s conclusions and the exercise of discretion. A conclusion of a public body is capricious when the conclusion has no substantial evidence to support it, or the conclusion is contrary to substantiated competent evidence. The word “arbitrary” implies a disregard of evidence or of the proper weight thereof. One purpose of so limiting the scope of review is to prevent the reviewing court from asserting the power delegated to the agency by the legislature.
(citations omitted)
Under this standard of review, the appellant is not entitled to a trial de novo in district court. Pacificorp’s holding impliedly overruled this Court’s prior decision in Crochet Equipment v. Board of Sup’rs, 597 So.2d 562 (La.App. 1st Cir.), writ denied, 599 So.2d 304 (1992), holding that La.R.S. 39:1691 D provides a right to a trial de novo to a party appealing to the district court. In *1047 order to clarify this Court’s en banc decision in Pacificorp, we now specifically overrule Crochet Equipment v. Board of Sup’rs, 597 So.2d 562 (La.App. 1st Cir.1992). Therefore, we find the district court correctly granted the motion to strike plaintiffs request for a trial de novo. We hereby recall the writ of certiorari previously issued herein and remand this case to district court for further proceedings consistent with this opinion. Plaintiff is to bear all costs.
WRIT RECALLED; CASE REMANDED.
LOTTINGER, C.J., and Shortess, J., concur.
CRAIN, J., concurs in the result on the merits.
FOGG, J., dissents with reasons.
CARTER, J., dissents and assigns reasons.

. Although the contested bid in Pacificorp was made pursuant to the Louisiana Data Processing Procurement Code, La.R.S. 39:196, et seq., this Court noted that the provisions of the Louisiana Procurement Code, La.R.S. 39:1551, et seq., are also applicable to the procurement of data processing equipment, except where they conflict with the Data Processing Procurement Code. Therefore, this Court’s determination of the applicable standard of review in Pacificorp was necessarily dependent upon its interpretation of La.R.S. 39:1691.